1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILLIAMS, | CASE NO. 1:06-CV-01408-AWI-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS AND AN AMENDED COMPLAINT SETTING FORTH ONLY ARSENIC POISONING CLAIM, OR PAY FILING FEE IN FULL, WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | (Docs. 1 and 2) |

Plaintiff Lonnie Williams ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 27, 2006, and is seeking leave to proceed in forma pauperis. First, plaintiff's application for leave to proceed in forma pauperis is incomplete, as the section entitled "Certificate" has not been completed by a prison official and the certified copy of plaintiff's trust account statement does not cover the six month period immediately preceding the filing of the complaint.[1]

Second, plaintiff is subject to 28 U.S.C. § 1915(g) and may proceed in forma pauperis in this action *only* if he is in imminent danger of serious physical injury.[2] The court has reviewed plaintiff's

---

[1] Plaintiff's certified trust account statement covers May 1, 2005, through November 22, 2005, which is not sufficient. 28 U.S.C. § 1915(b)(1)(B).

[2] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Plaintiff has filed at least three actions that were dismissed as frivolous, as malicious, or for failing to state a claim

1 complaint, which contains numerous claims. The only claim that meets the requirements of 1915(g)
2 is plaintiff's claim he is being poisoned with arsenic. Plaintiff may not evade the restrictions of
3 section 1915(g) by hitching to his poisoning claim other unrelated claims that do not meet the
4 requirements of 1915(g).

Accordingly, if plaintiff wishes to proceed in forma pauperis in this action, he must file a completed application to proceed in forma pauperis and an amended complaint setting forth only his claim that he is being poisoned with arsenic. In the alternative, plaintiff may pay the $350.00 filing fee in full and proceed with all his claims.[3]

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff an application to proceed in forma pauperis by a prisoner and a section 1983 complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a completed application to proceed in forma pauperis and an amended complaint setting forth only his claim that he is being poisoned by arsenic;

3. In the alternative, plaintiff may pay the $350.00 filing fee in full within **thirty (30) days** from the date of service of this order; and

4. The failure to comply with this order will result in the imposition of appropriate sanctions, up to and including dismissal of this action.

IT IS SO ORDERED.

**Dated:   October 19, 2006**         /s/ Anthony W. Ishii
0m8i78                     UNITED STATES DISTRICT JUDGE

---

upon which relief may be granted. Among the dismissals suffered by plaintiff that count as strikes under 1915(g) are Lonnie C. Williams v. J. R. Andrews, CV-F-01-6222 REC HGB P (dismissed for failure to state a claim on 2/22/02); Lonnie C. Williams v. Correctional Lt. L. L. Wood, CV-F-01-6151 REC LJO P (dismissed for failure to state a claim on 2/28/02); and Lonnie C. Williams v. A. Rendon CV-F-01-5891 AWI SMS P (dismissed for failure to state a claim on 3/18/02).

[3] If plaintiff pays the filing fee in full, his complaint will be screened by the Magistrate Judge in due course to determine whether the claims set forth in the complaint are cognizable under section 1983. 28 U.S.C. § 1915A.

2